# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** SOUTHERN CALIFORNIA EDISON, a California
*(AVISO AL DEMANDADO):* Corporation; EDISON INTERNATIONAL, a California
Corporation; T-MOBILE, USA INC., a Washington Corporation, and DOES 1-200,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** 202012297-JLM
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMAR ABDELGHANY; (Additional Parties Attachment form is attached.)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of Orange<br>751 W. Santa Ana Blvd.<br>Santa Ana CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2021-01195715-CU-MT-CXC |
|---|---|
| | Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gerald Singleton, Singleton Schreiber McKenzie & Scott, LLP, 450 A Street, 5th Floor, San Diego, California 92101; (619) 771-3473

| DATE:<br>*(Fecha)* 04/14/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Georgina Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Southern California Edison, a California Corporation

   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

REC'D 4-22-21
TIME 12:58 pm
BY 6101 Guard

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SAMAR ABDELGHANY, et al. v. SOUTHERN CALIFORNIA EDISON, et al. | 30-2021-01195715-CU-MT-CXC |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

SEDIGHEH ALAMOTI; OMMID BAVARIAN; IKRAM BITAR; JOHANNA BITAR; ANDREW BLANTON; CORY BRANTLEY; MARGARET BURGARDT; CRYSTAL CANNON; RENYI CAO; QI CHEN; STEVEN CHEN; JESIKA CLEMENT; VARUN DENDI; LAN DENG; DEHZAD DERAKHSHANI; ASHOK EDA; MOHAMED ELHENDI; ALICIA GARCIA; CINDY GARCIA; MAZANIN GHOTBRAZMJO; LINDA JOYCE GUY; TRACY HUMPHREY; MARYAM KAMALZADEH; BABAK KAZEMI SHIRAZI; MANIA KAZEMI SHIRAZI; KYOUNG KIM; JOSEPH LEAVITT; MEGAN LEAVITT; JENNIFER LEE; JONG LEE; JERI LINNERT; ANDREA LOPEZ; LINDA LUO; SEYED HANIF MAHBOOBI; CHANEL MAHBOUBI; MAZIAR MAHBOUBI; MONA MARASHIL; NAZANIN MARASHI; PEYDA MARASHI; BRENDA MARTINEZ; CIRO NACAR; MARIA DOLORES NACAR; DIVYA NARALA; HARIPRIYA NARALA; SESHU NARALA; JENNIFER NGUYEN; SEAN NGUYEN; NATHANIEL CARL ONG; EAMON PHELAN; EMMA A. PHELAN; ROSS E. PHELAN; AARON PULS; ARYAN RABBANI; JEFFREY RIEGER; PENELOPE RIEGER; ELAHEH SALEHIMEHR; JESS SALSMAN; AUDREY E. SILVA; JUDI SUZUKI; AMY TAYLOR; STEVEN TUCK; MAURICIO VALENCIA; KOBRA VAZIRI; KEVIN VUU; PATRICIA WU; TOMMY YAO

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically Filed by Superior Court of California, County of Orange, 04/14/2021 01:25:38 PM.

| | |
|---|---|
| 1 | Gerald Singleton (SBN 208783) |
| | gsingleton@ssmsjustice.com |
| 2 | J. Ross Peabody (SBN 98190) |
| | rpeabody@ssmsjustice.com |
| 3 | Kimberly S. Trimble (SBN 288682) |
| | ktrimble@ssmsjustice.com |
| 4 | SINGLETON SCHREIBER McKENZIE & SCOTT, LLP |
| | 450 A Street, 5th Floor |
| 5 | San Diego, California 92101 |
| | Tel. (619) 771-3473 |
| 6 | |
| 7 | Attorneys for Plaintiffs |

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

SAMAR ABDELGHANY; SEDIGHEH
ALAMOTI; OMMID BAVARIAN; IKRAM
BITAR; JOHANNA BITAR; ANDREW
BLANTON; CORY BRANTLEY;
MARGARET BURGARDT; CRYSTAL
CANNON; RENYI CAO; QI CHEN; STEVEN
CHEN; JESIKA CLEMENT; VARUN DENDI;
LAN DENG; DEHZAD DERAKHSHANI;
ASHOK EDA; MOHAMED ELHENDI;
ALICIA GARCIA; CINDY GARCIA;
MAZANIN GHOTBRAZMJO; LINDA JOYCE
GUY; TRACY HUMPHREY; MARYAM
KAMALZADEH; BABAK KAZEMI SHIRAZI;
MANIA KAZEMI SHIRAZI; KYOUNG KIM;
JOSEPH LEAVITT; MEGAN LEAVITT;
JENNIFER LEE; JONG LEE; JERI LINNERT;
ANDREA LOPEZ; LINDA LUO; SEYED
HANIF MAHBOOBI; CHANEL MAHBOUBI;
MAZIAR MAHBOUBI; MONA MARASHIL;
NAZANIN MARASHI; PEYDA MARASHI;
BRENDA MARTINEZ; CIRO NACAR;
MARIA DOLORES NACAR; DIVYA
NARALA; HARIPRIYA NARALA; SESHU
NARALA; JENNIFER NGUYEN; SEAN
NGUYEN; NATHANIEL CARL ONG;
EAMON PHELAN; EMMA A. PHELAN;
ROSS E. PHELAN; AARON PULS; ARYAN
RABBANI; JEFFREY RIEGER; PENELOPE
RIEGER; ELAHEH SALEHIMEHR; JESS
SALSMAN; AUDREY E. SILVA; JUDI
SUZUKI; AMY TAYLOR; STEVEN TUCK;
MAURICIO VALENCIA; KOBRA VAZIRI;
KEVIN VUU; PATRICIA WU; TOMMY YAO;

     Plaintiffs,

    v.

No. 30-2021-01195715-CU-MT-CXC

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Assigned for all Purposes
Judge Randall J. Sherman

CX-105

---

1

SILVERADO FIRE COMPLAINT

1 | SOUTHERN CALIFORNIA EDISON, a
California Corporation; EDISON
2 | INTERNATIONAL, a California Corporation;
T-MOBILE, USA INC., a Washington
3 | Corporation, and DOES 1-200, inclusive,

4 |      Defendants.

5

6 ## INTRODUCTION

7     1.    This Complaint arises from a fire caused by Southern California Edison's powerlines in

8 Orange County on October 26, 2020, a wildfire now called the "Silverado Fire."



**Silverado Fire Comes Close to Homes – Photo by Allen J. Schaben of Los Angeles Times**

    2.    The Silverado Fire started when electrical equipment within Southern California Edison's utility infrastructure and/or T-Mobile's telecommunication lines contacted, or caused sparks to contact, surrounding vegetation.  This occurred because: (1) Southern California Edison's utility infrastructure was intended, designed, and constructed to pass electricity through exposed powerlines in vegetated areas and T-Mobile's infrastructure was intended, designed, and constructed to pass

SILVERADO FIRE COMPLAINT

telecommunication lines in vegetated areas; (2) Southern California Edison negligently, recklessly, and willfully failed to properly, safely, and prudently inspect, repair, maintain and operate the electrical equipment in its utility infrastructure and/or T-Mobile negligently, recklessly, and willfully failed to properly, safely, and prudently inspect, repair, maintain and operate its telecommunication lines; and/or (3) Southern California Edison and/or T-Mobile negligently, recklessly, and willfully failed to maintain an appropriate clearance area between the electrical equipment and telecommunications equipment in their utility infrastructures and surrounding vegetation.

3.  The Silverado Fire burned more than 13,000 acres, critically injured two firefighters, caused more than 90,000 people to evacuate, destroyed five structures, and catastrophically impacted the local community.



**Thick Smoke-Filled Neighborhood caused by Silverado Fire – Photo by Jae C. Hong of Associated Press**

4.  Plaintiffs are homeowners, renters, business owners, and other individuals and entities whose property and lives were upended by the Silverado Fire.

5.  Plaintiffs now sue SOUTHERN CALIFORNIA EDISON and EDISON

3

SILVERADO FIRE COMPLAINT

1 | INTERNATIONAL (jointly, "Edison"), T-MOBILE, USA, INC. ("T-Mobile"), and DOES 1-200 for

2 | just compensation, damages, and all other available remedies arising from the takings and harms caused

3 | by the Silverado Fire.

**JURISDICTION AND VENUE**

5 | 6.    The Orange County Superior Court, as a court of general jurisdiction, has subject-matter

6 | jurisdiction over this unlimited civil case, as well as personal jurisdiction over each of Defendants.

7 | 7.    Venue is proper in Orange County as a substantial part of the events, acts, omissions,

8 | and/or transactions complained of herein occurred in Orange County.

**PARTIES**

**A.    PLAINTIFFS**

11 | 8.    Plaintiffs are individuals and other legal entities who were, at all relevant times,

12 | homeowners, renters, business owners, residents, occupants, and/or had property located in Orange

13 | Counties.

14 | 9.    Plaintiffs have elected to join their individual lawsuits in a single action under rules of

15 | permissive joinder.  Plaintiffs do not seek class certification or relief on any class-wide, collective, or

16 | other group basis, but instead seek the damages and other remedies identified herein on an individual

17 | basis according to proof at trial or through alternative dispute resolution efforts.

**B.    DEFENDANTS**

19 | 10.    Defendant EDISON INTERNATIONAL was, at all relevant times, a California

20 | corporation authorized to do, and doing business, in California, with its headquarters in Rosemead,

21 | California. At all relevant times, EDISON INTERNATIONAL acted to provide a utility, including

22 | electrical services, to members of the public in California, including those in Orange County.  EDISON

23 | INTERNATIONAL did so through its agents and subsidiaries, including SOUTHERN CALIFORNIA

24 | EDISON.

25 | 11.    Defendant SOUTHERN CALIFORNIA EDISON was, at all relevant times, a California

26 | corporation authorized to do, and doing business, in California, with its headquarters in Rosemead,

27 | California.  At all relevant times, SOUTHERN CALIFORNIA EDISON acted to provide a utility,

28 | including electrical services, to members of the public in California, including those in Orange County.

1  SOUTHERN CALIFORNIA EDISON is a subsidiary or other entity wholly controlled by EDISON

2  INTERNATIONAL. SOUTHERN CALIFORNIA EDISON is one of the largest combination natural

3  gas and electric utilities in the United States.

4      12.    EDISON INTERNATIONAL and SOUTHERN CALIFORNIA EDISON are jointly and

5  severally liable for each other's wrongful acts and/or omissions as alleged herein.  These companies do

6  not compete against one another but instead operate as a single enterprise, integrating their resources to

7  achieve a common business purpose.  These companies are so organized and controlled that one is a

8  mere instrumentality, agent, and/or conduit of the other.  Officers, managers, and directors are

9  intertwined and not fully independent of one another.  These companies share legal counsel, share

10  unified policies and procedures, file consolidated financial statements and regulatory documents.  Thus,

11  as used herein, "Edison" refers collectively to defendants EDISON INTERNATIONAL and

12  SOUTHERN CALIFORNIA EDISON.

13      13.    Edison is in the business of providing electricity to the residents of, among other places,

14  Orange County through a utility infrastructure, including a network of electrical transmission and

15  distribution lines.  Edison is a "public utility" under Public Utilities Code sections 216(a)(1) and

16  218(a).

17      14.    T-MOBILE, USA, INC. was, at all relevant times, a publicly held company authorized

18  to do, and doing business, in California, with its headquarters in Bellevue, Washington. At all relevant

19  times, T-MOBILE acted to provide a utility, including telecommunication services, to members of the

20  public in California, including those in Orange County.  T-MOBILE, INC. did so through its agents and

21  subsidiaries.

22      15.    T-MOBILE, USA, INC. is in the business of providing telecommunications services to

23  the residents of, among other places, Orange County through a utility infrastructure, including a

24  network of telecommunication lines. T-MOBILE, USA, INC. is a "public utility" under Public Utilities

25  Code Section 216(a)(1). T-MOBILE, USA, INC. may also qualify as a "Mobile data service," "Mobile

26  paging service," "Mobile satellite telephone service," or "Mobile telephony service," as defined in

27  Section 224.4 and a "Telephone Corporation" as defined in Section 234(a).

28      16.    The true names and capacities of defendants DOES 1 through 200 are currently

SILVERADO FIRE COMPLAINT

unknown to Plaintiffs who, therefore, sue these defendants under these fictitious names pursuant to Code of Civil Procedure § 474.  These defendants are each directly and/or vicariously responsible, in some manner, for the harms alleged herein.  If/when Plaintiffs learn these defendants' true names and capacities, Plaintiffs will seek leave to amend this pleading accordingly.

17.     "Defendants" refers collectively to Edison, T-MOBILE, USA, INC., and DOES 1 through 200.

18.     At all relevant times, Defendants, and/or each of them, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants; and were operating within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture of each of the other Defendants; and were operating within the purpose and scope of said agency, service, employment, enterprise, conspiracy, and/or joint venture; and each of Defendants has ratified and approved the acts of each of the remaining Defendants.  Each of Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations and duties to Plaintiffs, as alleged herein.  In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings alleged herein, each of Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## FACTS

19.     Edison has reported to the California Public Utilities Commission ("Utilities Commission") that, "On Monday, October 26, 2020 at 6:47 a.m., during a Santa Ana wind event, a wildland fire named 'Silverado Fire' ignited in the unincorporated area of Silverado, Orange County, California." Edison reported that Orange County Fire Authority (OCFA) "is investigating whether a broken lashing wire we understand belongs to T-Mobile contacted an SCE overhead primary conductor causing the ignition of the Silverado Fire."

/ / /

/ / /

/ / /

On Monday, October 26, 2020, at approximately 6:47 a.m., during a Santa Ana wind event, a wildland fire named the "Silverado Fire" ignited in the unincorporated area of Silverado, Orange County, California. Orange County Fire Authority (OCFA), Cal Fire, and United States Forest Service (USFS) personnel responded, and were involved in fire suppression activities. OCFA took the lead in the fire investigation.

Although OCFA has not shared the details of its investigation with SCE, it appears that OCFA is investigating whether a broken lashing wire we understand belongs to T-Mobile contacted an SCE overhead primary conductor causing the ignition of the Silverado Fire. The investigation is ongoing and SCE is also investigating and evaluating other potential causes of the ignition such as human activity in the area as well as the construction, maintenance, and/or design of the subject span.

    20.    The California Department of Forestry and Fire Protection ("Cal Fire") and OCFA

reported that the Silverado Fire ignited at 6:52 a.m. in Orange County, California.



# SILVERADO FIRE
# INCIDENT UPDATE
Date: 11/02/20 Time: 7:00 a.m.

**@CALFIREBDU**
**@OCFA_PIO**

Information Line: 714-628-7085
Media Line: 949-398-3998 & 949-573-5703
Incident Website: www.fire.ca.gov/current_incidents
Email Updates (sign up): http://www.tinyurl.com/CALFIREMEDIA

| INCIDENT FACTS | | |
|---|---|---|
| Incident Start Date: October 26, 2020 | Incident Start Time: 6:52 AM | |
| Incident Type: Wildland Fire | Cause: Under Investigation | |
| Incident Locations: Orange County (Santiago Canyon, Irvine, Foothill Ranch and Tustin, Lake Forest) | | |
| Unified Command Agencies: CAL FIRE, Orange County Fire Authority | | |
| Size: 12,466 acres | Containment: 93% | Expected Full Containment: 11/10/2020 |
| First Responder Fatalities: 0 | First Responder Injuries: 2 | Civilian Injuries: 0 |
| Civilian Fatalities: 0 | Structures Threatened: 0 | |
| Structures Damaged: 9 | Structures Destroyed: 3 | Minor Structures Destroyed: 2 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

SILVERADO FIRE COMPLAINT

21.     Edison has reported to the California Public Utilities Commission its equipment was involved in the ignition of the Silverado Fire.

**The Following information regarding this incident has been reported:**

Reporting Date:  10/26/2020 10:32:55 AM
Incident Date:  10/26/2020 @ 6:45 a.m.
Reported By:  Paul C. Pimentel, Senior Manager
Utility Name: Southern California Edison Company
Phone Number: (626)695-4705
Email Address: paul.pimentel@sce.com

Incident Location: Santiago Canyon Road Santiago Canyon, Orange County

Reasons For Reporting:
- Fatalities? No (Utility: , Others: )
- Names of Fatalities:
- Injuries? (Utility: , Others: )
- Names of Injured:
- Damage? No (Utility: , Others: )
- Interruption? (Total Customers: , Total Hours: )
- Operator Judgement? Yes
- Media Coverage? Yes

Summary: SCE submits this report as it may involve an event that meets the subject of significant public attention or media coverage reporting requirement. Preliminary information reflects SCE overhead electrical facilities are located in the origin area of the Silverado Fire. We have no indication of any circuit activity prior to the report time of the fire, nor downed overhead primary conductors in the origin area. However, it appears that a lashing wire that was attached to an underbuilt telecommunication line may have contact SCE's overhead primary conductor which may have resulted in the ignition of the fire. The investigation is ongoing.

22.     Plaintiffs are informed and believe that the Silverado Fire occurred because: (1) Edison's utility infrastructure was intended, designed, and constructed to pass electricity through exposed powerlines in vegetated areas and T-Mobile's infrastructure was intended, designed, and constructed to pass telecommunication lines through exposed powerlines in vegetated areas; (2) Edison negligently, recklessly, and willfully failed to properly, safely, and prudently inspect, repair, maintain and operate the electrical equipment in its utility infrastructure and/or T-Mobile negligently, recklessly, and willfully failed to properly, safely, and prudently inspect, repair, maintain and operate its telecommunication lines; and/or (3) Southern California Edison and/or T-Mobile negligently, recklessly, and willfully failed to maintain an appropriate clearance area between the electrical equipment and telecommunications equipment in their utility infrastructure and surrounding vegetation.

8

23.     The conditions and circumstances surrounding the ignition of the Silverado Fire, including the nature and condition of Edison's electrical infrastructure and T-Mobile's telecommunications infrastructure, low humidity, strong winds, and tinder-like dry vegetation were foreseeable by any reasonably prudent person and, therefore, were foreseeable to Defendants—those with special knowledge and expertise as electrical services providers, telecommunication providers, and their employees and agents.

24.     The Silverado Fire caused Plaintiffs to suffer substantial harms, including: damage to and/or destruction of real property; damage to and/or loss of personal property, including cherished possessions; out-of-pocket expenses directly and proximately incurred as a result of the fire; alternative living expenses; evacuation expenses; personal injuries; wrongful death; medical bills; lost wages; loss of earning capacity; loss of business income and/or goodwill; and various types of emotional distress, annoyance, inconvenience, disturbance, mental anguish, and loss of quiet enjoyment of property. The harms caused by Defendants are extensive and ongoing.

25.     At the time the Silverado Fire ignited in October 2020, Defendants were aware that the nature and condition of its electrical equipment, along with geographic, weather, ecological, and other conditions, gave rise to a high risk that Edison's electrical equipment and/or T-Mobile's telecommunication equipment would ignite a wildfire like the Silverado Fire.

26.     These wildfires are not the result of an "act of God" or other *force majeure*. These wildfires were started by sparks from high-voltage transmission lines, distribution lines, appurtenances, and other electrical equipment within Edison's utility infrastructure and/or T-Mobile's telecommunication infrastructure that ignited surrounding vegetation. Despite these previous wildfires, Defendants have deliberately, and repeatedly, prioritized profits over safety. That is, Defendants have a history of acting recklessly and with conscious disregard to human life and safety, and this history of recklessness and conscious disregard was a substantial factor in bringing about the Silverado Fire.

/ / /

/ / /

/ / /

/ / /

9

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Inverse Condemnation**

**(Against Southern California Edison, Edison International, and Does 1-200, inclusive)**

27.     All previous paragraphs are incorporated into this cause of action.

28.     On October 26, 2020, Plaintiffs were the owners of real property located within Orange County that was affected by the Silverado Fire.

29.     Prior to and on October 26, 2020, Edison and Does 1-200 had each designed, constructed, installed, operated, controlled, used, and/or maintained the facilities, lines, wires, and/or other electrical equipment within Edison's utility infrastructure, including the transmission and distribution lines in and around the location of the Silverado Fire, for the purpose of providing electrical services to large swaths of the public.

30.     On October 26, 2020, Edison and Does 1-200 were actually aware of the inherent dangers and risks that the electrical equipment within Edison's electrical-utility infrastructure (as deliberately designed and constructed) would ignite a wildfire like the Silverado Fire.

31.     This inherent risk was realized on October 26, 2020, when electrical equipment within Edison's utility infrastructure ignited the Silverado Fire, which resulted in the taking of Plaintiffs' real property and/or private property.

32.     This taking was legally and substantially caused by Edison's and Does 1-200's actions and inactions in designing, constructing, installing, operating, controlling, using, and/or maintaining the facilities, lines, wires, and/or other electrical equipment within Edison's utility infrastructure.

33.     Plaintiffs have not been adequately compensated, if at all, for this taking.

34.     Pursuant to the Fifth Amendment to the U.S. Constitution and Article I, Section 19, of the California Constitution, Plaintiffs seek just compensation for this taking, according to individual proof at trial.

35.     Plaintiffs further seek, pursuant to Code of Civil Procedure §1036, to recover all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of this proceeding in the trial court and/or in any appellate

10

1 | proceeding in which Plaintiffs prevails on any issue.

2 | ## SECOND CAUSE OF ACTION

3 | ### Inverse Condemnation

4 | ### (Against T-Mobile and Does 1-200, inclusive)

5 | 36.    All previous paragraphs are incorporated into this cause of action.

6 | 37.    On October 26, 2020, Plaintiffs were the owners of real property located within Orange

7 | County that was affected by the Silverado Fire.

8 | 38.    Prior to and on October 26, 2020, T-Mobile and Does 1-200 had each designed,

9 | constructed, installed, operated, controlled, used, and/or maintained the facilities, lines, wires, and/or

10 | other telecommunications equipment within T-Mobile's utility infrastructure, including the

11 | transmission and distribution lines in and around the location of the Silverado Fire, for the purpose of

12 | providing telecommunications services to large swaths of the public.

13 | 39.    On October 26, 2020, T-Mobile and Does 1-200 were aware of the inherent dangers and

14 | risks that the telecommunications equipment within T-Mobile's electrical-utility infrastructure (as

15 | deliberately designed and constructed) would ignite a wildfire like the Silverado Fire.

16 | 40.    This inherent risk was realized on October 26, 2020, when telecommunications

17 | equipment within T-Mobile's utility infrastructure ignited the Silverado Fire, which resulted in the

18 | taking of Plaintiffs' real property and/or private property.

19 | 41.    This taking was legally and substantially caused by T-Mobile's and Does 1-200's

20 | actions and inactions in designing, constructing, installing, operating, controlling, using, and/or

21 | maintaining the facilities, lines, wires, and/or other electrical equipment within T-Mobile's utility

22 | infrastructure.

23 | 42.    Plaintiffs have not been adequately compensated, if at all, for this taking.

24 | 43.    Pursuant to the Fifth Amendment to the U.S. Constitution and Article I, Section 19, of

25 | the California Constitution, Plaintiffs seek just compensation for this taking, according to individual

26 | proof at trial.

27 | 44.    Plaintiffs further seek, pursuant to Code of Civil Procedure §1036, to recover all

28 | reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and

11

SILVERADO FIRE COMPLAINT

1    engineering fees, actually incurred because of this proceeding in the trial court and/or in any appellate

2    proceeding in which Plaintiffs prevails on any issue.

### THIRD CAUSE OF ACTION

### Trespass

### (Against All Defendants)

6    45.    All previous paragraphs are incorporated into this cause of action.

7    46.    On October 26, 2020, Plaintiffs were the owners, tenants, and/or lawful occupiers of real

8    properties in the area of the Silverado Fire.

9    47.    Defendants negligently and/or recklessly allowed the Silverado Fire to ignite and/or

10   spread out of control, which caused damage to Plaintiffs' property.

11   48.    Plaintiffs did not grant permission for any fire to enter their property.

12   49.    This trespass was a substantial factor in causing Plaintiffs to suffer damages including,

13   but not limited to, destruction of and/or damage to real property, destruction of and/or damage to

14   structures, destruction of and/or damage to personal property, discomfort, annoyance, inconvenience,

15   mental anguish, loss of quiet enjoyment, and emotional distress.  Plaintiffs each seek damages to be

16   determined, on an individual basis, according to proof at trial.

17   50.    Those of Plaintiffs whose real property was under cultivation or used for the raising of

18   livestock have hired and retained counsel to recover compensation for their losses and damages caused

19   by the Silverado Fire.  Thus, they also seek to recover all reasonable attorneys' fees, expert fees,

20   consultant fees, and litigation costs and expense, as allowed under Code of Civil Procedure §1021.9.

21   51.    Those of Plaintiffs who suffered damage to timber, trees, or underwood as a result of the

22   Silverado Fire also seek treble or double damages for wrongful injuries to their property inclusive of

23   timber, trees, or underwood, as permitted by Civil Code §3346.

24   52.    Defendants, including one or more Edison officers, directors, and/or managers, have

25   deliberately, and repeatedly, prioritized profits over safety.  That is, Defendants have a history of acting

26   recklessly and with conscious disregard to human life and safety, and this history of recklessness and

27   conscious disregard was a substantial factor in bringing about the Silverado Fire.  This is despicable

28   and oppressive conduct.  Plaintiffs thus seek punitive damages in an amount sufficient to punish

12

SILVERADO FIRE COMPLAINT

Defendants' long history of prioritizing profits over safety and to deter such conduct in the future.

## FOURTH CAUSE OF ACTION

### Nuisance

### (Against All Defendants)

53.     All previous paragraphs are incorporated into this cause of action.

54.     On October 26, 2020, Plaintiffs were the owners, tenants, and/or lawful occupiers of real properties in the area of the Silverado Fire.

55.     Defendants' actions and inactions created a condition and/or permitted a condition to exist that was harmful to health; offensive to the senses; an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life and property; unlawfully obstructed the free passage or use, in the customary manner, of public streets and highways; and a completely predictable fire hazard.

56.     These conditions interfered with Plaintiffs' quiet enjoyment of their properties.

57.     These conditions also affected a substantial number of people at the same time.

58.     At no time did Plaintiffs consent to Defendants' actions and inactions in creating these conditions.

59.     An ordinary person would be reasonably annoyed and disturbed by Defendants' actions and inactions in creating these conditions.

60.     Defendants' actions and inactions in creating these conditions were a substantial factor in causing Plaintiffs to suffer damages unique to each Plaintiff—and different from damages suffered by other Plaintiffs—including, but not limited to, destruction of and damage to real property, destruction of and damage to structures, destruction of and damage to personal property and cherished possessions, discomfort, annoyance, inconvenience, mental anguish, loss of quiet enjoyment, and emotional distress.  Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

61.     The seriousness of the harm Defendants have caused Plaintiffs outweighs any public benefit that Defendants may provide.

62.     Defendants, including one or more Edison officers, directors, and/or managers, have

deliberately, and repeatedly, prioritized profits over safety. That is, Defendants have a history of acting recklessly and with conscious disregard to human life and safety, and this history of recklessness and conscious disregard was a substantial factor in bringing about the Silverado Fire. This is despicable and oppressive conduct. Plaintiffs thus seek punitive damages in an amount sufficient to punish Defendants' long history of prioritizing profits over safety and to deter such conduct in the future.

## FIFTH CAUSE OF ACTION

### Public Utilities Code §2106

### (Against All Defendants)

63.     All previous paragraphs are incorporated into this cause of action.

64.     Edison was on October 26, 2020, and is, a "public utility" for purposes of the Public Utilities Code. Edison was, therefore, required to comply with the Public Utilities Act.

65.     T-Mobile was on October 26, 2020, and is, also a "public utility" for purposes of the Public Utilities Code. T-Mobile was, therefore, also required to comply with the Public Utilities Act.

66.     Prior to and on October 26, 2020, Edison and T-Mobile were also required to obey and comply with every order, decision, direction, or rule made or prescribed by the Public Utilities Commission in the matters specified under the Public Utilities Act, and any other matter in any way relating to or affecting its business as a public utility, and was required to do everything necessary or proper to secure compliance therewith by all of its officers, agents, and employees.

67.     Defendants failed to furnish and maintain such adequate, efficient, just, and reasonable service, instrumentalities, equipment, and facilities as are necessary to promote the safety, health, comfort, and convenience of Edison and/or T-Mobile patrons and the public, as required by Public Utilities Code §451.

68.     Defendants failed to comply with the requirements for overhead line design, construction, and maintenance, the application of which will ensure adequate service and secure safety to persons engaged in the construction, maintenance, operation or use of overhead lines and to the public in general, as required by Public Utilities Commission General Order 95, including Rules 31.2, 35, and 38, which set forth inspection, vegetation-management, and minimum-clearance requirements.

69.     Defendants failed to comply with the requirements for electric distribution and

14

transmission facilities regarding inspections in order to ensure safe and high-quality electrical service, as required by Public Utilities Commission General Order 165.

70.    Defendants' failure to comply with applicable provisions of the Public Utilities Act and with applicable Public Utilities Commission orders and rules, was a substantial factor in causing Plaintiffs to suffer damages including, but not limited to, destruction of and damage to real property, destruction of and damage to structures, destruction of and damage to personal property and cherished possessions, discomfort, annoyance, inconvenience, mental anguish, loss of quiet enjoyment, and emotional distress. Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

71.    Defendants, including one or more Edison officers, directors, and/or managers, have deliberately, and repeatedly, prioritized profits over safety. That is, Defendants have a history of acting recklessly and with conscious disregard to human life and safety, and this history of recklessness and conscious disregard was a substantial factor in bringing about the Silverado Fire. This is despicable and oppressive conduct. Plaintiffs thus seek punitive damages in an amount sufficient to punish Defendants' long history of prioritizing profits over safety and to deter such conduct in the future.

## SIXTH CAUSE OF ACTION

### Health & Safety Code §13007

### (Against all Defendants)

72.    All previous paragraphs are incorporated into this cause of action.

73.    Defendants negligently, recklessly, and/or in violation of law, allowed the Silverado Fire to be set and allowed the Silverado Fire to escape to Plaintiffs' properties.

74.    Defendants' negligent, reckless, and/or illegal actions and inactions in allowing the Silverado Fire to be set and escape to Plaintiffs' properties was a substantial factor in causing Plaintiffs to suffer damages including, but not limited to, destruction of and damage to real property, destruction of and damage to structures, destruction of and damage to personal property and cherished possessions, discomfort, annoyance, inconvenience, mental anguish, loss of quiet enjoyment, and emotional distress. Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

75.    Those of Plaintiffs whose real property was under cultivation or used for the raising of

15

livestock have hired and retained counsel to recover compensation for their losses and damages caused by the Silverado Fire. Thus, they also seek to recover all reasonable attorneys' fees, expert fees, consultant fees, and litigation costs and expense, as allowed under Code of Civil Procedure §1021.9.

76.    Defendants, including one or more Edison officers, directors, and/or managers, have deliberately and repeatedly, prioritized profits over safety. That is, Defendants have a history of acting recklessly and with conscious disregard to human life and safety, and this history of recklessness and conscious disregard was a substantial factor in bringing about the Silverado Fire. This is despicable and oppressive conduct. Plaintiffs thus seek punitive damages in an amount sufficient to punish Defendants' long history of prioritizing profits over safety and to deter such conduct in the future.

## SEVENTH CAUSE OF ACTION

### Negligence

### (Against Southern California Edison, Edison International, and Does 1-200, inclusive)

77.    All previous paragraphs, except those falling under Plaintiffs' cause of action for inverse condemnation, are incorporated into this cause of action.

78.    Defendants each have special knowledge and expertise far beyond that of a layperson with regard to the safe design, engineering, construction, use, operation, inspection, repair, and maintenance of Edison's electrical lines, infrastructure, equipment, and vegetation management efforts. The provision of electrical services involves a peculiar and inherent danger and risk of wildfires.

79.    Prior to and on October 26, 2020, Defendants had a non-delegable duty to apply a level of care commensurate with, and proportionate to, the inherent dangers in designing, engineering, constructing, operating, and maintaining electrical transmission and distribution systems. This duty also required Defendants to maintain appropriate vegetation management programs, for the control of vegetation surrounding Edison's exposed powerlines. This duty also required Defendants to consider the changing conditions Edison's electrical transmission and distribution systems, as well as changing geographic, weather, and ecological conditions. This duty also required Defendants to take special precautions to protect adjoining properties from wildfires caused by Edison's electrical equipment.

80.    Defendants each breached these duties by, among other things:

   a.  Failing to design, construct, operate, and maintain Edison's high-voltage transmission and distribution lines and associated equipment, in a way that

16

would withstand the foreseeable risk of wildfires in the area of the Silverado Fire;

b.  Failing to prevent electrical transmission and distribution lines from improperly sagging or making contact with other metal;

c.  Failing to properly inspect and maintain vegetation within proximity to energized transmission and distribution lines to mitigate the risk of fire;

d.  Failing to conduct reasonably prompt, proper, and frequent inspections of Edison's powerlines and associated equipment;

e.  Failing to promptly de-energize exposed powerlines during fire-prone conditions and reasonably inspect powerlines before re-energizing them;

f.  Failing to properly train and supervise employees and agents responsible for maintenance and inspection of powerlines; and/or

g.  Failing to implement and follow regulations and reasonably prudent practices to avoid fire ignition.

81.    Defendants' failure to comply with applicable provisions of the Public Utilities Act and Public Utilities Commission General Orders and Rules, as alleged herein, is negligence per se because these statutes, orders, and rules are aimed at preventing the exact type of harm that Plaintiffs suffered because of Defendants' failure to comply with these statutes, orders, and rules. That is, Plaintiffs are within the class of individuals these statutes, orders, and rules were implemented to protect.

82.    Defendants' negligence, including Defendants' negligence per se, was a substantial factor in causing Plaintiffs to suffer damages including, but not limited to, destruction of and damage to real property, destruction of and damage to structures, destruction of and damage to personal property and cherished possessions, discomfort, annoyance, inconvenience, mental anguish, loss of quiet enjoyment, and emotional distress. Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

83.    Defendants, including one or more Edison officers, directors, and/or managers, have deliberately, and repeatedly, prioritized profits over safety. That is, Defendants have a history of acting recklessly and with conscious disregard to human life and safety, and this history of recklessness and conscious disregard was a substantial factor in bringing about the Silverado Fire. This is despicable and oppressive conduct. Plaintiffs thus seek punitive damages in an amount sufficient to punish

17

Defendants' long history of prioritizing profits over safety and to deter such conduct in the future.

## EIGHTH CAUSE OF ACTION

### Negligence

### (Against T-Mobile and Does 1-200, inclusive)

84.     All previous paragraphs, except those falling under Plaintiffs' cause of action for inverse condemnation, are incorporated into this cause of action.

85.     Defendants each have special knowledge and expertise far beyond that of a layperson with regard to the safe design, engineering, construction, use, operation, inspection, repair, and maintenance of T-Mobile's electrical lines, infrastructure, equipment, and vegetation management efforts. The provision of telecommunications services involves a peculiar and inherent danger and risk of wildfires.

86.     Prior to and on October 26, 2020, Defendants had a non-delegable duty to apply a level of care commensurate with, and proportionate to, the inherent dangers in designing, engineering, constructing, operating, and maintaining telecommunications systems. This duty also required Defendants to maintain appropriate vegetation management programs, for the control of vegetation surrounding T-Mobile's exposed telecommunications lines. This duty also required Defendants to consider the changing conditions of T-Mobile's telecommunications systems, as well as changing geographic, weather, and ecological conditions. This duty also required Defendants to take special precautions to protect adjoining properties from wildfires caused by T-Mobile's telecommunications equipment.

87.     Defendants each breached these duties by, among other things:

  a.  Failing to design, construct, operate, and maintain T-Mobile's telecommunications lines and associated equipment, in a way that would withstand the foreseeable risk of wildfires in the area of the Silverado Fire;

  b.  Failing to prevent telecommunications lines from improperly sagging or making contact with other metal;

  c.  Failing to properly inspect and maintain vegetation within proximity to telecommunications lines to mitigate the risk of fire;

  d.  Failing to conduct reasonably prompt, proper, and frequent inspections of T-Mobile's telecommunications lines and associated equipment;

18

e.   Failing to promptly and reasonably inspect telecommunications lines;

f.   Failing to properly train and supervise employees and agents responsible for maintenance and inspection of telecommunications lines; and/or

g.   Failing to implement and follow regulations and reasonably prudent practices to avoid fire ignition.

88.   Defendants' failure to comply with applicable provisions of the Public Utilities Act and Public Utilities Commission General Orders and Rules, as alleged herein, is negligence per se because these statutes, orders, and rules are aimed at preventing the exact type of harm that Plaintiffs suffered because of Defendants' failure to comply with these statutes, orders, and rules.  That is, Plaintiffs are within the class of individuals these statutes, orders, and rules were implemented to protect.

89.   Defendants' negligence, including Defendants' negligence per se, was a substantial factor in causing Plaintiffs to suffer damages including, but not limited to, destruction of and damage to real property, destruction of and damage to structures, destruction of and damage to personal property and cherished possessions, discomfort, annoyance, inconvenience, mental anguish, loss of quiet enjoyment, and emotional distress.  Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

## **PRAYER FOR RELIEF**

Plaintiffs seek the following damages in an amount according to proof at the time of trial:

### **Inverse Condemnation**

(1)   Repair, depreciation, and/or the replacement of damaged, destroyed, and/or lost personal and/or real property;

(2)   Loss of the use, benefit, goodwill, and enjoyment of Plaintiffs' real and/or personal property;

(3)   Loss of wages, earning capacity and/or business profits and/or any related displacement expenses;

(4)   Prejudgment interest from October 26, 2020;

(5)   Pursuant to Code of Civil Procedure §1036 and all other applicable law, all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of this proceeding in the trial court and/or in any appellate proceeding in which Plaintiffs prevails on

19

any issue; and

(6)   Such other and further relief as the Court shall deem proper, all according to proof.

### **All Other Claims**

(1)   General and/or special damages determined on an individual basis according to proof;

(2)   Loss of the use, benefit, goodwill, and enjoyment of Plaintiffs' real and/or personal property;

(3)   Loss of wages, earning capacity, goodwill, and/or business profits or proceeds and/or any related displacement expenses;

(4)   Evacuation expenses and alternate living expenses;

(5)   Erosion damage to real property;

(6)   Past and future medical expenses and incidental expenses;

(7)   General damages for personal injury, emotional distress, fear, annoyance, disturbance, inconvenience, mental anguish, and loss of quiet enjoyment of property;

(8)   Attorneys' fees, expert fees, consultant fees, and litigation costs and expense, as allowed under Code of Civil Procedure §1021.9 and all other applicable law;

(9)   Prejudgment interest from October 26, 2020;

(10)  For punitive and exemplary damages against Edison and/or T-Mobile in an amount sufficient to punish Defendants' conduct and deter similar conduct in the future, as allowed under Public Utilities Code §2106 and all other applicable law; and

(11)  Any and all other and further such relief as the Court shall deem proper, all according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SILVERADO FIRE COMPLAINT

## <u>JURY TRIAL DEMAND</u>

Plaintiffs respectfully demand a jury trial on all causes of action for which a jury trial is available under the law.

SINGLETON SCHREIBER McKENZIE & SCOTT, LLP

Dated:  April 14, 2021                        By:    _____
                                                                  Gerald Singleton
                                                                  J. Ross Peabody
                                                                  Kimberly S. Trimble
                                                                  Attorneys for Plaintiffs

21

SILVERADO FIRE COMPLAINT

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Gerald Singleton (SBN: 208783)<br>SINGLETON SCHREIBER McKENZIE & SCOTT, LLP<br>450 A Street, 5th Floor<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 771-3473　FAX NO.: (619) 255-1515<br>ATTORNEY FOR *(Name):* Plaintiffs Samar Abdelghany, et al. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS: 751 W. Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana CA 92701
BRANCH NAME: Civil Complex Department

CASE NAME:
Samar Abdelghany, et al. v. Southern California Edison, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01195715-CU-MT-CXC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Randall J. Sherman<br>DEPT: |
| | | | | CX-105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [✓] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
  a. [✓] Large number of separately represented parties　　d. [✓] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel　　e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve　　　　　in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence　　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary　b. [ ] nonmonetary; declaratory or injunctive relief　c. [✓] punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 14, 2021

Gerald Singleton, Esq.
_____
(TYPE OR PRINT NAME)

▶ *[signature]*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**